Kennedy, J.,
dissenting.
{¶24} Regrettably, I must dissent. The lead opinion concludes that R.C. 4112.01(A)(2) does not expressly impose civil liability for unlawful discriminatory practices on political-subdivision supervisors. I cannot agree.
{¶ 25} R.C. 4112.02(A) prohibits sex discrimination by an “employer.” We have already held that R.C. 4112.01(A)(2) holds individual supervisors and managers accountable as employers for their own discriminatory conduct in the workplace. Genaro v. Cent. Transport, Inc., 84 Ohio St.3d 293, 300, 703 N.E.2d 782 (1999). The only question is whether the Revised Code “expressly” imposes civil liability upon appellant, Major ,E. Mitchell Davis, a political-subdivision supervisor who would ordinarily be immune from such liability through sovereign immunity. See R.C. 2744.03(A)(6)(c). If it does, then we must affirm the judgment of the court of appeals.
{¶ 26} The Revised Code expressly imposes such liability. R.C. 4112.01(A)(2) states: “ ‘Employer’ includes the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer.” This provision, in conjunction with Genaro, expressly imposes civil liability for discriminatory acts on the state and its supervisory employees. In fact, imposing such liability is a main purpose of the statute.
{¶ 27} While I disagree with the holding in Genaro, it has been the law of Ohio since 1999, and my duty is to apply it. The General Assembly has amended R.C. 4112.01 five times since we issued Genaro, but it has never addressed this precedent through legislation.
{¶ 28} For these reasons, I dissent. I would hold that liability is expressly imposed on political-subdivision supervisors under R.C. 4112.01(A)(2) and Genaro, and I would answer the certified-conflict question accordingly.
*276 Scaccia and Associates, L.L.C., and John J. Scaccia; and the Gittes Law Group and Frederick M. Gittes, for appellee.
Green & Green, Lawyers, and Thomas M. Green, for appellant.
Gerhardstein & Branch Co., L.P.A., and Alphonse A. Gerhardstein, urging affirmance for amicus curiae Ohio Association for Justice.
The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro, urging affirmance for amici curiae Ohio Employment Lawyers Association, Ohio NOW Education and Legal Defense Fund, and Ohio Poverty Law Center.